The Honorable Denny Altes State Senator 8600 Moody Road Fort Smith, Arkansas 72903-6718
Dear Senator Altes:
I am writing in response to your request for an opinion on the proper interpretation of HJR 1003 of the 85th General Assembly (Regular Session 2005), which, as you note, is a proposed constitutional amendment allowing charitable organizations to conduct bingo and raffles. You pose the following question:
 If the amendment were to become effective, would bingo and raffles conducted pursuant to the amendment be legal? Or would they still be illegal due to the criminal laws set forth at A.C.A. section 5-66-101
through 5-66-119? In other words, does the proposed Constitutional amendment, alone, allow charitable organizations to legally conduct bingo and raffles, or would the Legislature also have to amend the currently existing criminal statutes regarding gambling?
RESPONSE
I must decline to issue an opinion on this matter at this time. The proposed amendment will appear on the ballot to be voted on at the 2006 general election. This office has traditionally maintained a policy not to issue opinions concerning the affect of proposed amendments prior to those amendments being put to a vote of the people. See Ops. Att'y. Gen.2004-210 (fn1) and 97-214 (discussing proposals referred by legislative resolutions) and 97-123 and 94-193 (discussing proposals initiated through the Amendment 7 "Initiative and Referendum" process). It is my belief that your question regarding the proposed amendment's affect on existing law can not be answered at this time in the framework of an official opinion. See A.C.A. § 25-16-706 (Repl. 1996). I, of course, provide opinions to members of the General Assembly concerning proposed bills; however, the measure in question is to be voted on by the people rather than the legislature. Further, a court will not entertain a declaratory judgment action to interpret proposed measures prior to enactment. See A.C.A. § 16-111-104 (1987). The absence of any forum for challenging my advisory opinion, coupled with the potential impact of such an opinion on the electorate, compels me to decline to opine on the matter. I must, instead, defer to the people's right to vote on the measure free from an opinion from this office.
I will merely direct your attention to the pertinent subsections in Section 1 of the proposed amendment, which state respectively that:
 (b)(1) The game of bingo or raffles conducted by an authorized bingo and raffles organization shall not be a lottery prohibited by Section 14 of Article 19 of the Arkansas Constitution. . . .
* * *
 (c) The General Assembly shall provide by law for the licensure and regulation of authorized bingo and raffles organizations to conduct the game or [sic] bingo or raffles and may levy taxes on the activities.
Sincerely,
MIKE BEEBE Attorney General
MB:cyh